Filed 1/16/25  P. v. Peck CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087501 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF60253) |
| v. | |
| JASON JEROME PECK, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

Jason Jerome Peck, appellant, appeals from a judgment of conviction for corporal injury upon a spouse or dating partner and multiple counts of obstructing, resisting, or delaying a peace officer. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was notified of his right to file a supplement brief but has not done so. Having reviewed the record and finding no reasonably arguable appellate issue, we affirm.

## FACTUAL HISTORY

On June 21, 2019, appellant was in a romantic relationship with Sheala W., with whom he had an on-again, off-again relationship since 2015. Sheala had allowed appellant to move back in with her and her two sons after the expiration of her restraining order against appellant. Sheala got into an argument with appellant and spent the night sleeping in her car.

On June 22, 2019, Sheala W. again argued with appellant. Appellant took Sheala's phone and punched her in the eye, and Sheala stabbed him with her car keys in the arm before calling 911 on her younger son C.W.'s phone.

Deputy Niccoli Sandelin and Deputy David Poel of the Tuolumne County Sheriff's Office responded to Sheala's residence in separate cars. Sandelin observed appellant outside the residence with some blood on his arm. Appellant appeared highly agitated and began approaching the deputies, despite Sandelin drawing his taser and telling him to stop. Eventually, appellant complied and agreed to be placed in handcuffs. Sandelin told appellant he was being detained for further investigation, and after appellant consented to a full search of his pockets, Sandelin found two black cell phones. Because it was hot outside, the deputies then moved appellant to a shaded area and had him sit on a railroad tie.

Sergeant Romel Cuellar arrived at the scene shortly after and observed appellant detained and in handcuffs. Cuellar proceeded to stand next to appellant while the other deputies attempted to contact Sheala. As Cuellar was left alone with appellant, appellant stated, "I'm not f[***]ing sitting down" and "F[***] you. I don't have to sit …." Appellant then tried to stand up. Cuellar grabbed appellant's arm and told him to sit back down, at which point appellant stood all the way up and kicked Cuellar in his right shin. Cuellar swept appellant's leg and assisted him to the ground. Appellant continued to struggle and said he wanted to get up and get a drink of water.

Sandelin and Poel heard the commotion and came back over to help. Cuellar and Sandelin stood appellant up and escorted him to a patrol car. Appellant continued to resist and eventually turned his head and bit Cuellar on his left forearm. When appellant was placed in the patrol car, he continued kicking and screaming inside the car and started banging his head on the windows.

Fearing that appellant would injure himself by breaking a window, Cuellar determined it was necessary to place appellant into a "WRAP," which would immobilize appellant's legs and his ability to move in the car. As Cuellar and the deputies were attempting to place appellant in the "WRAP," Cuellar felt a tug on his firearm. Appellant had a full grip on Cuellar's firearm and was attempting to remove it from the holster.

Cuellar let the deputies know appellant had grabbed his gun and began striking appellant in the face with an open palm. Appellant said, "I got your f[***]ing gun," and continued to pull on the gun as he was saying it. Sandelin then stood up and kicked appellant in the head, which caused him to release the firearm. Appellant bit Cuellar on his left arm again, but the officers were ultimately able to apply the "WRAP" and secured appellant in the patrol car.

Poel collected videos of the altercation with appellant from appellant's phone and C.W.'s phone. The People also recovered a surveillance video of the yard during their investigation, which was played for the jury.

Cueller transported appellant to the hospital where appellant was medically cleared for jail. Appellant suffered bruises and abrasions, but no broken bones. While at the hospital, appellant told Cuellar, "I'm sorry. I f[***]ed up and should not have grabbed your gun or fought you. I'm sorry, Sarge. I just was pissed because everything always falls on me." Appellant also apologized to Sandelin.

At trial, the prosecution introduced evidence of several prior uncharged acts of domestic violence. Angela V., who had a dating relationship with appellant in 2013 and 2014, reported that appellant had punched and pushed her in April 2013, resulting in her calling 911. She testified this was not the first time he had assaulted her. Then in 2014, Angela testified appellant had punched and tackled her, causing her to suffer a broken nose, a knocked out tooth and a fractured arm.

Evidence was introduced that in July 2018, Sheala reported that appellant had grabbed her arm resulting in a bruise. At trial, however, Sheala denied appellant ever touched her. Sheala also testified that appellant did not punch her in the face on June 22, 2019. However, a transcript of Sheala's 911 call was introduced as evidence, where Sheala told the 911 operator she "just got punched in the eye" and "I did not deserve to get punched in the eye. I did not deserve that." Poel also observed Sheala's eye was blackened when he spoke with her.

## PROCEDURAL HISTORY

On May 30, 2023, the Tuolumne County District Attorney filed a first amended information alleging felony corporal injury to a spouse, cohabitant or child's parent (Pen. Code, § 273.5, subd. (f)(1);[1] count 1), resisting, delaying or obstructing an officer with attempted firearm removal (§ 148, subd. (d); count 2), resisting an executive officer (§ 69; counts 3–5), and misdemeanor interference with a wireless communication device (§ 591.5; count 6). As to each count, the information further alleged appellant suffered a

---

[1]     Further undesignated references to code are to the Penal Code.

prior serious and/or violent felony as defined by section 1170.12, subdivision (b) and was subject to sentencing pursuant to the "Three Strikes" law. As to count 1, the information alleged appellant suffered two prior convictions of section 273.5. Finally, the information alleged a number of aggravating circumstances pursuant to California Rules of Court, rule 4.421.[2]

On June 1, 2023, a jury found appellant guilty of all counts. Appellant waived his right to a jury trial on his bifurcated priors and aggravating factors, and the trial court found true appellant suffered a prior conviction for violating section 236, with a section 12022, subdivision (a) enhancement, and suffered two prior section 273.5 convictions. The court found the aggravating factor pursuant to rule 4.421(a)(1) as to count 1, and the aggravating factors pursuant to rule 4.421(b)(1)–(3) and (5) as to all counts.

Appellant was sentenced on January 4, 2024. The trial court first proceeded with a *Marsden*[3] motion, which was denied. The People withdrew their request that appellant's prior conviction qualify as a strike. The court also struck the aggravating factor allegation pursuant to rule 4.421(b)(5).

The trial court declared count 1 the principal term, and sentenced appellant to the aggravated term of five years as to count 1 and one-third the midterm of eight months as to counts 2 and 3, to be served consecutive to count 1 for a total term of six years four months. The court sentenced appellant to the midterm of two years as to counts 4 and 5, and 180 days as to count 6, and indicated the terms be served concurrently to count 3. Appellant was awarded 527 actual and 526 days' conduct credit, for a total of 1,053 days. Pursuant to a plea agreement, appellant was further sentenced to

---

[2]     Further undesignated references to rules are to the California Rules of Court.

[3]     *People v. Marsden* (1970) 2 Cal.3d 118.

five additional years in five unrelated felony cases, for an aggregate term of 11 years four months.

## DISCUSSION

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)

"[A]n arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

We have independently reviewed the record on appeal and are satisfied no reasonably arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.

6.